FRANCIS DORAN *vs.* SAMUEL COHEN.

Suffolk.　March 12, 1888. — June 27, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Declaration — Amendment — Bond to dissolve Attachment — Discharge
of Surety.*

A count in a declaration set out that the defendant so negligently managed his
steamboat as to run down the plaintiff's sailboat, in which he was sailing using
due care, whereby it was rendered useless, and the plaintiff was damaged to the
extent of its value and otherwise. A second count was added by way of amend-
ment, reciting that the plaintiff by the same tortious act was injured in his per-
son. *Held,* that both counts were for the same cause of action, and that a
surety on a bond given to dissolve an attachment in the action was not dis-
charged by the amendment.

CONTRACT against a surety on a bond, given to dissolve an
attachment in an action of tort brought by the plaintiff against
William H. Swift. Answer, that after the execution of the
bond, and before trial of the former action, the plaintiff changed
his cause and form of action, by adding a count to his declaration
without the consent of, and without notice to, the defendant.

The declaration in the original action contained two counts,
the first of which was as follows: " And the plaintiff says that
he was possessed of a certain sailboat; that the defendant was
possessed of a certain steamboat, which was under the care,
management, and control of the defendant; that, while the
plaintiff was sailing in his said sailboat lawfully, and in the
exercise of due care, the defendant so negligently, carelessly,
and unskilfully managed, steered, and piloted his said steam-
boat, that said steamboat struck upon, in, and against the
plaintiff's said sailboat, rendering it unfit for use, whereby the
plaintiff has been put to great damage, and by way of special
damage the plaintiff says his said sailboat was worth to him the
sum of two hundred dollars; and the plaintiff has been damaged
to that extent and otherwise." The second count was in the
same words as the first count, including the words " managed,
steered, and piloted his said steamboat," and thence concluded
as follows: " That said steamboat struck against and upon the

plaintiff, and smashed the plaintiff's said sailboat, thereby caus-
ing the plaintiff to fall into the water of Boston Harbor, in
which the plaintiff had to remain a long time, and where the
plaintiff had to struggle hard to keep from drowning, and was
put in great fear of the loss of his life; in consequence of all
which the plaintiff was damaged in body and mind, was put in
great suffering, rendered unable to work for a long time, and
was put to great expense."

At the trial in the Superior Court, before *Hammond,* J.,
without a jury, it was admitted that the plaintiff recovered
judgment in the original action for fifty dollars, damages, and
seventy-two dollars and thirty-three cents, costs of suit; that
such judgment remained unsatisfied; that the second count in
the original declaration was allowed as an amendment, without
notice to the sureties on the bond, and without their knowledge;
that the verdict in the original action was a general one; and
that counsel in the original action would testify that the second
count referred to the same collision as the first count, and that
the claim for personal injuries was omitted in the first count
through inadvertence.

The plaintiff asked the judge to rule that the second count
did not introduce a new cause of action which would discharge
the defendant as surety.

The judge refused so to rule, but ruled that the second count
did introduce a new cause of action, and that the liability of the
surety was increased thereby, and found for the defendant; and
the plaintiff alleged exceptions.

*J. H. Ponce,* for the plaintiff.

*R. J. McKelleget,* for the defendant.

MORTON, C. J. The sureties upon a bond to dissolve an
attachment are not discharged by an amendment of the decla-
ration, unless its effect is to let in a new cause of action, and
thus to impose upon them a liability greater than that which
they assume by signing the bond. The original declaration
may be imperfect and insufficient, but any amendment to cure
such defect will not discharge a surety or release bail, unless it
introduces a new cause of action. The obligation of the surety
is to pay the plaintiff in the action the amount he shall recover
therein, and the surety cannot take advantage of formal defects

in the declaration. *Wood* v. *Denny*, 7 Gray, 540. *Cain* v. *Rockwell*, 132 Mass. 193. *Kellogg* v. *Kimball*, 142 Mass. 124.

In the case before us, the two counts of the declaration are for the same cause of action. The gist of each is, that the defendant negligently managed his steamboat so as to run down the sailboat of the plaintiff when he was sailing in it, using due care. Each count sets out the same tortious act of the defendant as the cause of action. They differ only in that the original count sets out that the plaintiff's sailboat was rendered unfit for use, that it was worth $200, and that he was " damaged to that extent and otherwise "; while the amended count alleges that he was injured in his person. The plaintiff could not legally maintain more than one action for the same tortious act. He could not divide the tort, and have one action for the injury to his property and another for the injury to his person. *Bennett* v. *Hood*, 1 Allen, 47. *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331. This is upon the ground that he could not maintain two suits for the same cause of action.

As the two counts are for the same cause of action, we are of opinion that the allowance of the second count as an amendment did not discharge the sureties on the bond to dissolve the attachment.                    *Exceptions sustained.*