VANCE KING v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

May 31, 1900.

Nos. 12,033—(87).

**Injury to Person and to Property—Splitting Cause of Action.**

Injuries to the person and injuries to the property of the person injured, both resulting from the same tortious act, are separate items of damages, constituting but one cause of action.

Action in the district court for Mower county to recover $225 damages for injuries to plaintiff's horses, wagon, and harness. The court, Kingsley, J., made an order granting a motion for judgment on the pleadings in favor of plaintiff for the amount demanded. From a judgment entered pursuant to the order, defendant appealed. Reversed.

[1] Reported in 82 N. W. 1113.

*Shepherd & Catherwood,* for appellant.

The former suit and the present suit are both based on one and the same cause of action, and the injuries to person and to property are but separate items of damage arising therefrom. All the damages from a single tortious act are an entirety, and must be assessed and recovered once for all. 1 Sutherland, Dam. 175, 180, 190. The entire and only ground of plaintiff's action was the alleged negligence of defendant in running its engine and freight train over the crossing at a dangerous rate of speed, and without giving the signals and warnings required by law. The damage to plaintiff's person and property was the consequence of such negligence. Bendernagle v. Cocks, 19 Wend. 207; Secor v. Sturgis, 16 N. Y. 548; Nathans v. Hope, 77 N. Y. 420; Law v. McDonald, 62 How. Pr. 340; Howe v. Peckham, 6 How. Pr. 229; Reilly v. Sicilian, 14 App. Div. (N. Y.) 242; Rosenberg v. Staten Island, 38 N. Y. St. 106; Sheldon v. Carpenter, 4 N. Y. 579; Hodge v. Town, 43 Vt. 450, 456. Our own court has frequently held that a former judgment is a bar to a subsequent suit, if the suit presents no new cause of action, but only new ground for relief upon the same cause of action. Thompson v. Myrick, 24 Minn. 4; Pierro v. St. Paul & N. Pac. Ry. Co., 39 Minn. 451; Skoglund v. Minneapolis St. Ry. Co., 45 Minn. 330. The rule defendant contends for is considered, and most of the Minnesota cases collated, in O'Brien v. Manwaring, 79 Minn. 86. See also Seger v. Town, 22 Conn. 290, 295; Lamb v. St. Louis, 33 Mo. App. 489; O'Neal v. Brown, 21 Ala. 482, 485; Hite v. Long, 6 Rand. (Va.) 457; Brannenburg v. Indianapolis, 13 Ind. 103; Wichita v. Beebe, 39 Kan. 465; Beloit v. Morgan, 7 Wall. 619; Columb v. Webster Mnfg. Co., 50 U. S. App. 264; Hazard v. Volger, 3 Wyo. 189; Bennett v. Hood, 1 Allen, 47, citing Fetter v. Beale, 1 Salk. 11; Trask v. Hartford, 2 Allen, 331; Knowlton v. New York, 147 Mass. 606; Doran v. Cohen, 147 Mass. 342; Bliss v. New York, 160 Mass. 447; Braithwaite v. Hall, 168 Mass. 38; Owensboro v. Coons (Ky.) 49 S. W. 966.

It is not the injuries sustained that create his right of action, but the act which produced the injuries. For damages alone no action can be permitted. 1 Freeman, Judg. (4th Ed.) § 241; Cooley, Torts,

62. Brunsden v. Humphrey, 14 Q. B. Div. 141, is adversely criticised in 1 Sutherland, Dam. 247, 248; City v. Voegler, 103 Ind. 77.

*Lafayette French* and *A. W. Wright,* for respondent.

An entire claim arising from a single tort cannot be divided and made a subject of several suits, however numerous the items of damage may be; and a judgment on the merits in respect to any part will be available as a bar in another action arising from the same cause. 2 Black, Judg. § 738; Sykes v. Gerber, 98 Pa. St. 179; Pierro v. St. Paul & N. Pac. Ry. Co., 39 Minn. 451, 457; Nathans v. Hope, 77 N. Y. 420. A judgment determines every matter which pertains to the cause of action and defense, or which is involved in the measure of relief to which the cause of action or defense entitles the party. Thompson v. Myrick, 24 Minn. 4; Thomas v. Joslin, 36 Minn. 1; O'Brien v. Manwaring, 79 Minn. 86. But the rule that a judgment is conclusive of anything that might have been litigated and settled in the action is limited in its application to those matters which the parties under their pleadings and the issues in the former action might have controverted and have had decided by the verdict and judgment. It has never been so extended as to compel the party having several different causes of action to join them in one action because they were such that the law would permit their union. 2 Black, Judg. § 732; Eastman v. Porter, 14 Wis. 39; Felton v. Smith, 88 Ind. 149; Perry v. Dickerson, 85 N. Y. 345. Although both suits may refer to the same transaction or subject-matter, if the causes of action are not the same the first action is not a bar to the latter. Linne v. Stout, 44 Minn. 110. Neither can the plea of former recovery be invoked unless the judgment in the former action was upon the same claim or demand. State v. Cooley, 58 Minn. 514. The best test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former action and the present. West v. Hennessey, 58 Minn. 133; Village of Wayzata v. Great Northern Ry. Co., 67 Minn. 385; Illinois v. Slater, 139 Ill. 190; 2 Black, Judg. § 726; Stark v. Starr, 94 U. S. 477; Brunsden v. Humphrey, 14 Q. B. Div. 141.

The injuries to plaintiff's person and the injuries to his property, being violations of different rights, gave rise to distinct causes of

action. 2 Black, Judg. § 740; 1 Van Fleet, Form. Adj. § 110; Brunsden v. Humphrey, supra; MacDougall v. Knight, 25 Q. B. Div. 1; Darley v. Mitchell, 11 App. Cas. 127; Watson v. Texas, 8 Tex. Civ. App. 144; Missouri v. Scammon, 41 Kan. 521; Skoglund v. Minneapolis St. Ry. Co., 45 Minn. 330. The injury to plaintiff's person and the injury to his property, although produced by the same tortious act, were separate causes of action. Pomeroy, Rem. §§ 453, 456, 460; 1 Blackstone, Com. 129, 130, 138; Broom, Com. Law, 683, 762.

LEWIS, J.

Plaintiff, while riding in and driving his wagon across defendant's tracks, was run into by defendant's train. As a result, he was personally injured, and the wagon and horses and harness were damaged. Thereafter plaintiff brought an action against defendant to recover for the injuries suffered in his person, and secured a judgment of $1,000. While that action was still pending on appeal in this court (77 Minn. 104, 79 N. W. 611) plaintiff commenced the present proceeding to recover the damage sustained by the injury to the horses, wagon, and harness, alleged to be $225. As a defense to this action, defendant pleaded the former judgment as a bar, and, by an amendment later, pleaded its full payment and satisfaction. Upon the trial below judgment was rendered for the full amount, and defendant appeals.

This brings before us a question new to this court, viz.: Where the person himself and his personal property are injured by the same tortious act, does there arise only one cause of action for damages, or is there one separate and independent cause of action for injuries to the person, and another for damages to the property? It has long since become settled in this state that a single, entire cause of action cannot be split up into several suits, and that one recovery, although it be in part recovery for the entire injury, is effectual as an estoppel. Pierro v. St. Paul & N. Pac. Ry. Co., 39 Minn. 451, 40 N. W. 520; Thompson v. Myrick, 24 Minn. 4; Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027; O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746. Mr. Dunnell in his new work, Minnesota Pleading (sections 285, 286), defines a cause of action, and quotes from Pomeroy on Remedies:

"Every remedial right arises out of an antecedent primary right and corresponding duty, and a delict or breach of such primary right and duty by the person on whom the duty rests. Every judicial action must, therefore, involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant, which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant, springing from this delict; and finally the remedy itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong, combined, constitute the cause of action."

The learned trial judge, in a carefully written memorandum, based his decision upon the proposition that at the common law every person was possessed of two distinct primary rights,—the right of personal security and the right of private property,—and that a distinct cause of action arose from an infringement of either. And, it is argued, these rights have been carried into our system of jurisprudence, and remedies provided for their preservation; that the constitution guaranties a certain remedy by the law for injuries thereto; that statutes have been enacted with the special purpose of keeping these rights separate and distinct, in order that the remedy for an infringement of each may be enforced without reference to the other, as the statute of limitations (G. S. 1894, §§ 5136–5138); also, the statute providing what causes of action survive. Counsel for respondent, taking this distinction of primary rights as a basis, have argued ably that it necessarily follows that the cause of action in this case did not consist of the act of negligence on the part of defendant in injuring the plaintiff and his property, but the cause of action arose from the results of the act; that instantly upon the striking and throwing of plaintiff by the engine the cause of action arose for injury to his person, and another cause arose as soon as plaintiff's enjoyment of his property was interfered with.

The leading case in favor of respondent's position arose in the English courts. Brunsden v. Humphrey, 14 Q. B. Div. 141. In that case a cabman had been run into by another vehicle, causing

injury to the cabman and his cab. The court held that he might maintain two separate actions:

"Two separate kinds of injury were in fact inflicted, and two wrongs done. The mere negligent driving in itself, if accompanied by no injury to the plaintiff, was not actionable at all, for it was not a wrongful act at all till a wrong arose out of the damage which it caused. One wrong was done as soon as the plaintiff's enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff's person. Both causes of action, in one sense, may be said to be founded upon one act of the defendant's servant, but they are not on that account identical causes of action."

But the refined reasoning of this part of the opinion is destroyed by the common-sense, practical argument of Chief Justice Coleridge in a dissenting opinion:

"It appears to me that whether the negligence of the servant, or the impact of the vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same; that the injury done to the plaintiff is injury done to him at one and the same moment by one and the same act in respect of different rights (i. e. his person and his goods), I do not in the least deny; but it seems to me a subtlety not warranted by law to hold that a man cannot bring two actions if he is injured in his arm and in his leg, but can bring two, if besides his arm and leg being injured, his trousers which contain his leg, and his coat-sleeve which contains his arm, have been torn."

In Watson v. Texas, 8 Tex. Civ. App. 144, 27 S. W. 924, the court held that two causes of action arose where the same act caused the injury to the person and the property; placing the decision on the exception noted in 2 Black, Judg. § 740, viz. that, where there is an infringement of different rights, separate causes of action follow. But the only case cited in the text is the English case above noted. On the other hand, the principle contended for by appellant has been accepted in Massachusetts (Doran v. Cohen, 147 Mass. 342, 17 N. E. 647; Bliss v. New York, 160 Mass. 447, 36 N. E. 65); also, in New York, in the case of Reilly v. Sicilian, 14 App. Div. (N. Y.) 242, 52 N. Y. Supp. 817.

We are of the opinion that the cause of the action consists of the negligent act which produced the effect, rather than in the effect of

the act in its application to different primary rights, and that the injury to the person and property as a result of the original cause gives rise to different items of damage. The natural rights mentioned in the constitution and statutes are of a personal character, all centering in the person; and the enactments referred to are intended to preserve them under the various phases of life, in the most practicable manner, as viewed by the legislature. But, because the distinction in reference to personal and property rights has been made, as noticed by respondent, it does not follow that those statutes were intended to definitely provide for separate remedies under the circumstances presented in this case.

Our attention has been called to the case of Skoglund v. Minneapolis St. Ry. Co., 45 Minn. 330, 47 N. W. 1071. We cannot accept the reasoning of the court in that case as applicable to the one before us. The facts were different, and it is not necessary at this time to review it. The rule there applied should certainly not be extended. The views we have adopted seem to us more in harmony with the tendency towards simplicity and directness in the determination of controversial rights. That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject.

Judgment reversed.