JOHN F. REILLY, Appellant, *v.* THE SICILIAN ASPHALT PAV-
ING COMPANY, Respondent.

NEGLIGENCE — RECOVERY FOR AN INJURY TO PROPERTY NOT A BAR TO
ANOTHER ACTION FOR INJURY TO THE PERSON CAUSED BY THE SAME
ACT OF NEGLIGENCE. An injury to the p rson and an injury to prop-
erty, although resulting from the same tortious act, constitute different
causes of action, and a judgment for damages to property recovered in
one court, and the satisfaction thereof, is not a bar to the maintenance of
an action for an injury to the person, in another court, arising from the
same act.

*Reilly* v. *Sicilian Asphalt Paving Co.*, 31 App. Div. 302, reversed.

(Argued January 27, 1902; decided February 25, 1902.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered July
28, 1898, affirming a judgment in favor of defendant entered
upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*E. T. Taliaferro* and *John Mulholland* for appellant. It
does not follow that because the injury to property and the
injury to the person resulted from the same cause, separate
actions cannot be brought. They are separate claims and
separate causes of action and so recognized in the statutes.
(*Mulligan* v. *K. I. Co.*, 109 N. Y. 657; *Moore* v. *City of
Albany*, 98 N. Y. 410.) Even if it were true that separate
actions in this case could not have been sustained if prop-
erly objected to, yet, as there was no plea in the District
Court of another action pending, all objections to the sever-
ance of the claims or causes of action were waived, both
actions being pending before answer was served in either.
(*Mills* v. *Garrison*, 3 Keyes, 40; *Dodge* v. *Cornelius*, 168
N. Y. 242; *E. & N. Y. C. R. R. Co.* v. *Patrick*, 2 Keyes,
257; Black on Judgments, §§ 740, 745.) The rule is that a
judgment is a bar only to a suit for such claims as might have
been litigated under the pleadings and issues as made. (*Bur-*

*dick* v. *Post*, 12 Barb. 168, 184; *Cackly* v. *Smith*, 27 Am. St. Rep. 312; *Thurst* v. *West*, 31 N. Y. 210; *Barnwell* v. *Knight*, 51 Barb. 267; *Rayer* v. *Burt*, 42 Barb. 655; *Lawrence* v. *Hunt*, 10 Wend. 84; *Burwill* v. *Knight*, 51 Barb. 267.)   The joinder of causes of action arising out of the same transaction is, under the Code of Civil Procedure, permissive only and not mandatory, and all that the courts do to limit litigation is to consolidate actions in a proper case when motion is made. (Code Civ. Pro. § 484, subd. 9; *Sullivan N. Y., N. H. & H. R. R.*, 1 Civ. Pro. Rep. 285; *Seymour* v. *Lorrillard*, 8 Civ. Pro. Rep. 90; *Perry* v. *Dickerson*, 85 N. Y. 352.)

*Herbert C. Smyth* and *Edwin A. Jones* for respondent. There cannot be two actions and two recoveries against the same defendant by the same plaintiff arising out of one act of negligence. (5 Broom, 259; *Nathans* v. *Hope*, 77 N. Y. 420; *Secor* v. *Sturgis*, 16 N. Y. 548; *Law* v. *McDonald*, 62 How. Pr. 340; *Howe* v. *Peckham*, 6 How. Pr. 229; *Paret* v. *N. Y. El. R. R. Co.*, 18 N. Y. Supp. 580; *McAndrew* v. *L. S. R. R. Co.*, 70 Hun, 46; *Rockwell* v. *Brown*, 36 N. Y. 207; *Farrington* v. *Payne*, 15 Johns. 432; *Jex* v. *Jacob*, 19 Hun, 105; *Lawton* v. *Hudson*, 19 App. Div. 522.) The plaintiff having introduced the judgment in the District Court action in evidence, upon the theory that it is *res adjudicata* as to the negligence of the defendant, he is estopped now from claiming that the cause of action in both suits was not the same. (1 Estee's Plead. § 316; *McAleer* v. *Lewis*, 75 Fed. Rep. 734.) The defense raised by the supplementary answer was interposed in time. (*Jex* v. *Jacob*, 19 Hun, 105.)

Cullen, J. The appellant claimed that while driving in Central Park in the city of New York both his person and his vehicle were injured in consequence of collision with a gravel heap placed on the road through the negligence of the defendant. Thereupon he brought an action against the defendant in the Court of Common Pleas to recover damages for the injury to his person. Subsequently he brought another action

in one of the District Courts in the city of New York to recover
for the injury to his vehicle. In this last action he obtained
judgment, which was paid by the defendant. Thereafter the
defendant set up by supplemental answer the judgment in the
District Court suit and its satisfaction as a bar to the further
maintenance of the action in the Common Pleas. On the
trial of the case in the Supreme Court (to which under the
Constitution the action was transferred), it was held that
the plaintiff's right of action was merged in the judgment
recovered in the District Court and his complaint was dismissed.
The judgment entered upon this direction was affirmed by the
Appellate Division and an appeal has been taken to this court
by allowance.

The rule is that a single or entire cause of action cannot be
subdivided into several claims and separate actions maintained
thereon. (*Secor* v. *Sturgis*, 16 N. Y. 548; *Nathans* v. *Hope*,
77 N. Y. 420.) As to this principle there is no dispute.
Therefore, the question presented by this appeal is whether
from the defendant's negligence and the injury occasioned
thereby to the plaintiff in his person and his property there arose
a single cause of action or two causes of action, one for the injury
to his person and the other for injury to his property. The
question is not determined by the Code of Civil Procedure, for
though in section 484 it prescribes what separate causes of action
may be joined in the same complaint, it nowhere assumes to
define what is a single cause of action. Nor is there any con-
trolling decision of this court on the point. In *Mulligan* v.
*Knickerbocker Ice Company* (affirmed without opinion, 109 N.
Y. 657) the question discussed in the opinion of the learned
court below and necessarily involved in the decision of this
court was the effect of a release which the plaintiff asserted
was intended to cover only the injuries to his property but
was fraudulently prepared so as to embrace his whole cause of
action. The case is doubtless authority for the proposition
that a voluntary settlement between the parties of part of a
claim does not satisfy or discharge the whole claim. But the
principle that the parties may, by voluntary agreement, sever

or split up a single cause of action, though a plaintiff cannot of his own volition do the same, seems to be generally recognized even in those jurisdictions where the rule is held most firmly that a single tort gives rise but to a single cause of action. (*O' Beirne* v. *Lloyd,* 43 N. Y. 248 ; *Bliss* v. *N. Y. C. & H. R. R. R. Co.,* 160 Mass. 447.)

The question now before us has been the subject of conflicting decisions in different jurisdictions. In England it has been held by the Court of Appeal, Lord Coleridge, Chief Justice, dissenting, that damages to the person and to property though occasioned by the same wrongful act give rise to different causes of action (*Brunsden* v. *Humphrey,* L. R. [14 Q. B. D. ] 141); while in Massachusetts, Minnesota and Missouri the contrary doctrine has been declared. (*Doran* v. *Cohen,* 147 Mass. 342; *King* v. *Chicago, M. & St. P. Ry. Co.,* 82 N. W. Rep. 1113; *Von Fragstein* v. *Windler,* 2 Mo. App. 598.) The argument of those courts which maintain that an injury to person and property creates but a single cause of action is that as the defendant's wrongful act was single, the cause of action must be single and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong, while that of the English court is that the negligent act of the defendant in itself constitutes no cause of action and becomes an actionable wrong only out of the damage which it causes. " One wrong was done as soon as the plaintiff's enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff's person." (*Brunsden* v. *Humphrey, supra.*) I doubt whether either argument is conclusive. If, where one person was driving the vehicle of another, both the driver and the vehicle were injured, there can be no doubt that two causes of action would arise, one in favor of the person injured and the other in favor of the owner of the injured property. On the other hand, if both the horse and the vehicle, being the property of the same person, were injured, there would be but a single cause of action for the damage to both. If, while

injury to the horse and vehicle of a person gives rise to but a single cause of action, injury to the vehicle and its owner gives rise to two causes of action, it must be because there is an essential difference between an injury to the person and an injury to property that makes it impracticable or, at least, very inconvenient in the administration of justice to blend the two. We think there is such a distinction. Different periods of limitation apply. The plaintiff's action for personal injuries is barred by the lapse of three years; that for injury to the property not till the lapse of six years. The plaintiff cannot assign his right of action for the injury to his person, and it would abate and be lost by his death before a recovery of a verdict, and if the defendant were a natural person, also by his death before that time. On the other hand, the right of action for injury to property is assignable and would survive the death of either party. It may be seized by creditors on a bill in equity (*Hudson* v. *Plets*, 11 Paige, 180), and would pass to an assignee in bankruptcy. Possibly the difficulties arising from the difference in the periods of limitation and the difference in the rule of survival between a personal injury and a property injury might be obviated in practice by holding the statute a bar to that portion of the damages, a claim for which would have been outlawed had it been a separate cause of action, and by permitting, in case of death, the action to be revived so far as it relates to property. We do not see, however, how it would be practicable to deal with a case where the right of action for injury to the property had passed to an assignee in bankruptcy or to a receiver on a creditor's bill without treating it as an independent cause of action. Though, as we have already said, section 484 of the Code does not expressly determine the point in issue, still it is not without much force in the argument that the two injuries constitute separate causes of action. Under the old Code of Procedure, at the time of its original enactment, injuries to person and injuries to property were separately classified as causes of action, and it was not permitted to join those of one class with those of another. (Code of Procedure, § 167.)

By an amendment in 1852, injuries to persons and property were put in the same class. But by section 484 of the Code .of Civil Procedure they are again placed in distinct classes and cannot be united. If the plaintiff's cause of action is single, into what class does it fall? Is it for an injury to the person which may be united with other causes of action for personal injuries, or is it for injury to property which may be joined with claims of the same nature, or is it *sui generis,* a nondescript which must stand alone?

While some of the difficulties in the joinder of a claim for injury to the person and one for injury to the property in one cause of action are created by our statutory enactments, the history of the common law shows that the distinction between torts to the person and torts to property has always obtained. Lord Justice BOWEN in the *Brunsden* case has pointed out that there is no authority in the books for the proposition that a recovery for trespass to the person is a bar to an action for trespass to goods or *vice versa.* It is true that at common law the necessity of bringing two suits could at the election of the plaintiff be obviated in some cases, as, for instance, by declaring for trespass on the plaintiff's close and alleging in aggravation thereof an assault upon his person. (See Waterman on Trespass, 205, 406.) Still, in such a case there would be but a single cause of action, to wit, the trespass upon the close, and if the defendant justified this trespass it would be a complete defense to the action, the personal assault being merely a matter of aggravation. (*Carpenter* v. *Barber,* 44 Vt. 441.)

Therefore, for reason of the great difference between the rules of law applicable to injuries of the person and those relating to injuries to property we conclude that an injury to person and one to property, though resulting from the same tortious act, constitute different causes of action.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.