## BOYD v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Georgia, S. W. D. December 15, 1914.)

JUDGMENT (§ 610*)—CAUSES OF ACTION—SEPARATION—INJURIES TO PERSON AND PROPERTY—SINGLE TORT—RIGHT OF ACTION.

Where plaintiff suffered a personal injury and also the destruction of his automobile in a railroad crossing accident, it was the injury, and not the negligent act alone, which gave rise to the right of action; and hence payment of a judgment recovered in a separate action for the destruction of the automobile was no bar to a subsequent action for plaintiff's personal injuries.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 610.*]

At Law. Action by H. A. Boyd against the Atlantic Coast Line Railroad Company. On motion to strike defendant's plea in bar. Granted.

E. K. Wilcox, of Valdosta, Ga., and A. B. Spence, of Waycross, Ga., for plaintiff.

Bennet, Twitty & Reese, of Brunswick, Ga., for defendant.

SPEER, District Judge. This case was brought in the city court of Waycross, Ga., and was removed to this court by the defendant

railway company, a corporation and citizen of another state. The action was instituted on account of personal injuries alleged to have been inflicted on the plaintiff at a street crossing of the railway in Waycross. The injuries are alleged to be serious. The plaintiff is a physician, and it is claimed has been, as a result of his injuries, obliged to abandon his profession. The physical injuries are alleged to be painful and permanent, and damages in a large amount are claimed. At the time this action was brought in the state court, another action was there filed to recover for the destruction of the plaintiff's automobile by the same collision. The latter case went to trial, judgment was obtained for the plaintiff, and it has been paid by the defendant.

When this case to recover for the physical injuries of the plaintiff was called to-day, the railway company interposed a plea in bar. This alleged the institution, trial, and termination of the action for the destruction of plaintiff's automobile, and insists that, as the cause of action now set up originated from the same tort, it cannot now be maintained. The plaintiff has filed a motion to strike the plea as bad and insufficient in law, and this motion is now for determination.

In the argument the contending counsel have made it plain that their research among the authorities has been at once careful and industrious. It is mutually conceded that no controlling precedent has been afforded by the Supreme Court. A precedent from a national tribunal somewhat analogous is the Southern Railway v. King, 160 Fed. 335, 87 C. C. A. 284, decided for the Circuit Court of Appeals of the Fifth Circuit, by Circuit Judges Pardee and Shelby, and District Judge Burns; Judge Burns pronouncing the opinion. In that case the plaintiff and her husband were crossing the Southern Railway in Habersham county, Ga. The husband was killed by the train and the plaintiff was injured. The plaintiff, Mrs. King, filed her action in the state court for the injury to her person. She obtained a verdict for $1,000, and the judgment thereon was affirmed by the Supreme Court of the state. King v. Railway Co., 126 Ga. 794, 55 S. E. 965, 8 L. R. A. (N. S.) 544. She and her daughter also brought actions in the Circuit Court of the United States for the Northern District of Georgia. These were consolidated and verdicts rendered for the plaintiffs there, upon which, and the judgments thereon, assignments of error were presented for review. Judge Burns observed:

"The records are identical in both cases, with the exceptions that the railroad company filed in the trial court a plea in bar against the petition of Mrs. King upon the ground that plaintiff, having recovered in the state court for damages to person, is now estopped from maintaining the present action for the death of her husband. The contention is made that the injuries to the person of the wife, and the loss occasioned by the death of the husband, constitute a single cause of action, and that separate actions will not lie. This contention appears to be seriously made, but in the practice and procedure of the several states it would appear to be a legal novelty, without law or precedent."

Thus the controversy in issue before the court was determined. The learned judge, obiter, continues:

"If it be conceded that the deceased husband was the 'personal property' of the plaintiff herein, then the contention would be supported by the deci-

sions of every state court but one. Where injuries to the person and the physical property of the injured party grow out of a single tort, then, and in that event, the tort to the person and the property constitutes a single cause of action, and, as previously suggested, * * * should be presented in a single suit. This is the English view, and the holding is the same in all of the American courts, with one exception. The declaration that the husband is the 'personal property' of the wife has not yet received the sanction of the court or text-writer."

After making these observations in passing, the plea was pronounced bad. In the American Annotated Cases, 1912D, page 258, after quoting the passage above referred to, the editor makes this comment:

"It would seem, however, that in the last-mentioned case the statement of the court as to the English view on the question at issue is not in accord with the decision of Brunsden v. Humphreys, 14 Q. B. D. 141, 146, 150, reversing 14 Q. B. D. 712. There the question was directly raised and passed on; Brett, M. R., and Bowen, L. J., holding in separate opinions that in case of accident caused by the negligent driving, in which both the goods and person of the plaintiff are injured, not merely one cause of action arises, but two causes of action, which are several and distinct. Lord Coleridge, C. J., dissented, however, from the majority opinion."

The annotation continues:

"In other jurisdictions, the rule followed is that adopted in Brunsden v. Humphreys, 14 Q. B. D. 141, referred to in the preceding subdivision of this note, namely, that in such a case different rights give rise to separate causes of action. so that separate actions may be maintained, the one for injury to person and the other for injury to the property"—citing not less than six American cases.

The reported case to which these notes are attached, Ochs v. Public Service R. Co., 81 N. J. Law, 661, 80 Atl. 495, 36 L. R. A. (N. S.) 240, Ann. Cas. 1912D, 255, makes the seventh American case from the volume last cited. It is, besides, entitled to great weight because of the high reputation of the New Jersey courts. There the plaintiff, while driving his carriage, was run down by the trolley car of defendant, and the horse, wagon, and person of the plaintiff were injured. The plaintiff recovered in an action for the injury to the horse and carriage, and thereafter brought suit for his personal injuries, in which a motion for nonsuit was made, and refused. The ground of the motion was that the former suit for property damage was a bar to the suit for personal injury. A judgment was rendered for the plaintiff, and appeal was taken to the Supreme Court, an intermediate appellate court, where the judgment below was reversed. The Supreme Court held, as contended for the railroad company here, that a single wrongful act can give rise to but one cause of action, although it may result in different injuries, or injury to different rights, as the cause of action grows out of the act itself, and not out of its results. Then the controversy was taken to the Court of Errors and Appeals, a paramount tribunal in that state. Of the ruling as announced by the Supreme Court, Justice Bergen, for the unanimous Court of Errors and Appeals, declared:

"The rule has the support of authorities entitled to serious consideration; but courts of equal learning and experience have held that there is a distinction to be made, and also that the resultant injury, and not the neg-

ligent act, is the ground of action. As the question is now before this court for the first time, we are at liberty to adopt the rule of law which appears to us to be most logical and reasonable, and we are of the opinion that there is a clear distinction between the two classes of injuries, and that it is the injury, and not alone the negligent act, which gives rise to the right of action, for a negligent act is not in itself actionable, and only becomes the basis of [an action] when it results in injury to another."

The learned judge continues:

"Our Legislature has recognized a distinction between the right to recover for injuries to property and those to the person. This is indicated by its course of legislation, for it has created a different period of limitation within which suits may be brought to recover damages for the respective injuries."

These like other grounds of differentiation cited also clearly appear in the relating statutory enactments in 'Georgia. See especially sections of the Code of 1910, 4422, 4423, 4424, 4481, 4485, 4496, and 4497. Section 4496 provides that actions for injuries to personalty shall be brought within four years, and section 4497 that actions for injuries to the person shall be brought within two years, except for injuries to reputation, which shall be brought within one year. It is true that section 5521 of the same Code provides that all claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined, and the defendant may also set up his defense of claims against the plaintiff of a similar nature with the plaintiff's demand. This statute seems, however, merely permissive. Had the Legislature determined to make the joinder obligatory, the word "shall," rather than "may," would doubtless have been used. "Expressio unius exclusio alterius est." In the New Jersey case above quoted the Supreme Court was reversed, and the judgment on the action before the trial court was sustained. So important seems this authority, and so important is this precedent, that it has been accorded extensive comment, not only in American Annotated Cases, supra, but also in 36 L. R. A. (N. S.) at page 240 et seq. The annotations and cases cited in the publication last mentioned are particularly full and instructive. It is but just, however, to Judge Burns to point out that this case was decided June 19, 1911, while Southern Railway Co. v. King, supra, had been previously rendered on March 3, 1908.

The attention of the court has been called by the learned counsel for the railway company to the recent case in Georgia of Western & A. Railroad Co. v. Atkins, 141 Ga. 743, 82 S. E. 139, decided by our Supreme Court, May 19, 1914. There the alleged tort was declared to be a single one, the careless striking by a train of the defendant of a wagon which the plaintiff was driving. From this tort several items of damages were alleged to have resulted, including personal injury to the plaintiff and damages to his mule and wagon. The petition was originally brought to recover all three items of damage. This, of course, under the Georgia statute last quoted, may be done; the question here is, Must it be done?·

In Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636, opinion rendered February, 1902, by Justice Cullen, and court otherwise composed of Parker, C.

J., and Justices Grey, O'Brien, Martin, Vann, and Werner, the conflict of authority on this question is again referred to.

"The question now before us," said the learned justice, "has been the subject of conflicting decisions in different jurisdictions. In England it has been held by the Court of Appeals, Lord Coleridge, Chief Justice, dissenting, that damages to the person and to the property, though occasioned by the same wrongful act, give rise to different causes of action (Brunsden v. Humphreys, L. R. 14 Q. B. Div. 141); while in Massachusetts, Minnesota, and Missouri the contrary doctrine has been declared (Doran v. Cohen, 147 Mass. 342, 17 N. E. 647; King v. Chicago, etc., Ry. Co., 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238; Von Fragstein v. Windler, 2 Mo. App. 598). The argument of those courts which maintain that an injury to person and property creates but a single cause of action is that, as the defendant's wrongful act was single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong, while that of the English court is that the negligent act of the defendant in itself constitutes no cause of action, and becomes an actionable wrong only out of the damage which it causes. 'One wrong was done as soon as the plaintiff's enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff's person.' [Extract from Brunsden v. Humphreys, supra.]"

Justice Cullen then comments on the essential differences between an injury to the person and injury to the property, that makes it impracticable, or at least, very inconvenient in the administration of justice to blend the two.

"We think," he continues, "there is such a distinction. Different periods of limitation apply. The plaintiff's action for personal injuries is barred by the lapse of three years; that for injury to the property not till the lapse of six years. The plaintiff cannot assign his right of action for the injury to his person, and it would abate and be lost by his death before a recovery of a verdict, and, if the defendant were a natural person, also by his death before that time. On the other hand, the right of action for injury to property is assignable, and would survive the death of either party. It may be seized by creditors on a bill in equity * * * and would pass to an assignee in bankruptcy."

Justice Cullen comments upon the history of the common law, which shows that the distinction between torts to the person and torts to property has always obtained, in which connection we may well recall the grand distinction of Mr. Justice Blackstone, in his famous Commentaries, between rights of persons and rights of things.

It is true that the contrary is maintained in quite a number of cases produced by the assiduity of the learned counsel for the defendant. Among these is the notable case of Mobile & Ohio R. R. Co. v. Matthews, 115 Tenn. 172, 91 S. W. 194, decided by the Supreme Court of Tennessee, January 29, 1906. There it was held that the injuries sustained to the plaintiff's person and to his property in a single collision with a railroad train give rise to but one cause of action, and damages for both classes of injuries must be recovered in a single suit. But even there the court observed:

"It is not improper to declare on different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is no difference in the measure of damages, and all the damages sustained must be sued for in one suit."

218 F.—42

This rule would seem to produce no little inconvenience, and if adhered to, where a number of injuries were sustained, might necessarily demand from the court a variety of rulings upon the measure of damages, with all of the confusion in the minds of the jury which might result. It is not uncommon now for an automobile to be destroyed by a swift-running train. The husband might survive, the wife or the child might perish, and the machine itself be destroyed. In one case the expectation of life, the value of the service of the wife, possibly the service of the child, the mental pain and anguish, the costs of medical attendance, the physical suffering of the plaintiff, would be proper for consideration by the jury. Much must depend upon the enlightened conscience of that body. It would seem highly provocative of difficulty and perhaps rank injustice if such damages might be mitigated or reduced by considerations relating to the actual cost or market value of the automobile or baggage.

In Coles' Adm'x v. Illinois Central R. R. Co., 120 Ky. 686, 87 S. W. 1082, it was held that one action must be brought for killing plaintiff's intestate and intestate's horse and the destruction of his buggy. To the similar effect is Wheeler Savings Bank v. Tracey, 141 Mo. 252, 42 S. W. 946, 64 Am. St. Rep. 505. In Brannenburg v. Indianapolis, Pittsburgh & Cleveland R. R., 13 Ind. 103, 74 Am. Dec. 250, it was held that where two horses were killed by the railroad company, at the same time and place, on suit and recovery for the value of one of them, the owner cannot afterwards recover in an action for the value of the other. This would be obvious enough. Perhaps the strongest case cited for the plea, is King v. Chicago, Milwaukee & St. Paul Ry., 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238. It is precisely in point and adopted the dissenting opinion of Mr. Justice Coleridge in Brunsden v. Humphrey, 14 Q. B. 141. It is to be reiterated, however, that the opinion of the majority of the court there, and not the dissenting opinion, forms the English rule. Citations from Cyc. are also relied upon with confidence by the learned counsel for defendant, but Cyc., like the Swiss, will be found with equal valor and weight of attack fighting on both sides.

Reference is made to the declaration of the court in Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276. In that case the bill set forth two distinct and independent causes of action. One was founded upon an agreement as to title between the parties at interest. The other was founded upon a patent of the United States. It was held that the proceedings and decree as to the patent, on which the plaintiffs failed, did not subsequently debar them from setting up title under the agreement. The court in this opinion made certain general remarks, which have been frequently quoted.

"It is undoubtedly a settled principle," said Mr. Justice Field, rendering the opinion, "that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end of litigation if such practice were permissible."

There follows, however, this significant remark:

"But this principle does not require distinct cause of action—that is to say, distinct matters—each of which would authorize by itself independent relief, to be presented in a single suit, though they exist at the same time and might be considered together."

This I think presents the true and persuasive rule on this question. Now the matters under consideration here were distinct. The destruction of the automobile was one thing; the injury to the plaintiff was another and quite different thing. The tort on the part of the railway company, if it existed—that is to say, the violation of the law, if it took place—as it effected the distinct results, was itself the same; but the measure of damages widely differ. The mental processes for the ascertainment of righteous compensation for the separate injuries are widely different. In the one case, it was a duty to estimate the injury to the intricate machinery made by the art and skill of man; in the other, the injury or mutilation alleged to the far more complex and mysterious machinery made by Nature, or by Nature's God. Nor was one action brought when the other had failed; they were brought simultaneously, and there is no contention that they were not brought in entire good faith.

It is, of course, to the interest of the public that there should be an end of litigation; but where the authorities are in palpable and conceded conflict, and where no controlling rule has been announced for the direction of the court, it will hesitate long before denying to a plaintiff the right to a hearing upon his declaration of enduring personal injury, permanent mutilation, and the destruction of his life work, because, forsooth, through the mistake of an attorney, a declaration had been filed at the same time to recover the value of a machine.

For these reasons, with great deference to courts and others who may differ, it must be held that the plea in bar be stricken and the case proceed.