## BAAS v. STANDARD OIL CO.

First Division. Juneau. August 2, 1927.

No. 2757–A.

**1. Action ⬷38(1)—Pleadings—Causes of Action.**

The true test to determine whether a complaint states more than one cause of action is whether, looking at the facts expressed, there is more than one primary right invaded, for vindication. There may be many distinct and independent items for relief, but, if only one primary right is invaded by the negligence or wrong of defendant, it is but one cause of action.

**2. Action ⬷38(1)—Negligence—Pleadings—Causes of Action.**

The plaintiff sued the defendant for damages caused by so negligently delivering gasoline into his boat as to cause an explosion, whereby the boat was destroyed and plaintiff painfully burned. The complaint set up three causes of action, viz., first, for destruction of the boat; second, for injury to his person; and, third, for loss of the use of the boat in the season's fishing. On motion to strike the last cause of action, *held*, in considering this kind of action, the courts all agree that a distinction is to be observed between the cause of action and the elements of damage; the loss of the season's work is an element of damage, not a separate cause of action, and is included in the damages claimed for

---

⬷See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the first and second causes of action; motion to strike third alleged cause of action sustained.

James Wickersham, of Juneau, for plaintiff.
H. L. Faulkner, of Juneau, for defendant.

REED, District Judge. The complaint in this action contains three causes of action, based on the negligence of the defendant, arising on the furnishing of gasoline to plaintiff's gas boat at the port of Juneau.

The first cause of action alleges negligence of the defendant in using defective appliances for delivering gasoline, and negligence of employees of the defendant in handling appliances; that an undue pressure was forced upon defendant's appliances and those of the plaintiff in his boat; that such negligence caused an explosion, forming a highly inflammable gas, which ignited, tore plaintiff's boat to pieces, and caused same to burn and sink, thereby destroying the boat and certain personal property thereof, to plaintiff's damage in the sum of $3,500.

The second cause of action affirms the negligence of the defendant as stated in the first cause of action, and that plaintiff was on the boat at the time of the burning thereof and was severely burned and precipitated into the sea, and suffered severe injury and pain, and was thereby put to great expense for medical attention, hospital services, and medicines, to his damage in the sum of $5,000.

The third cause of action reiterates the negligence of the defendant as set forth in the first and second causes of action, alleging that the plaintiff was a man in very good health and following the occupation of fisherman; that he had no other occupation; that through the negligence of the defendant, as alleged, he was severely injured and disabled, and deprived of the use of the boat through its destruction by the negligence of the defendant, and thereby plaintiff will lose his summer's work in the occupation of fishing, to his damage in the sum of $750.

A motion is made to strike the third cause of action as irrelevant and redundant, and for the reason that the damage sought to be recovered is included in the first and second causes of action. The point raised involves a question of whether the third cause of action states a distinct cause from that in the first and second causes of action. The true test to determine whether

7 A.R.—41

a complaint states more than one cause of action is whether, looking at the facts expressed, there is more than one primary right invaded, for vindication. There may be many distinct and independent items for relief; but, if one primary right is invaded by the negligence or wrong of defendant, it is but one cause of action. Adkins v. Loucks, 107 Wis. 587, 83 N. W. 934.

As was said in Craft Refrigerating Co. v. Quinnipiac Co., 63 Conn. 551, 29 A. 76, 25 L. R. A. 856:

"Separate counts are required for separate and distinct causes of action, but not for the presentation of separate and distinct claims for relief founded on the same cause of action or transaction."

The facts upon which plaintiff's right to sue is based, and upon which defendant's duty has arisen, coupled with the facts which constitute the wrong, are his cause of action. In considering this kind of action the courts all agree that a distinction is to be observed between the cause of action and the elements of damage. Breard v. Lee (C. C.) 192 F. 72.

In applying this rule, however, there is a conflict of authority as to whether injury to a person and property by the same tort gives rise to different causes of action, as infringing distinct rights, or only one cause of action, with different elements of damage.

In the case at bar only one wrong of defendant is alleged, from which a corresponding duty arises; that is, the facts showing negligence of the defendant. The pleader has separated the injury arising from defendant's negligence from the injury to his person arising from the same wrong. While this method of pleading is approved by numerous authorities, yet the better rule seems to be that claims for injury to person and property constitute but one cause of action. King v. Chicago, etc., R. R. Co., 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238.

However, the plaintiff's complaint is not attacked by the motion in that regard, and so will stand as to the first and second causes of action.

The plaintiff, however, adds a third cause of action, alleging further damage for loss of profits in his fishing occupation sustained, by the same negligence alleged in the first and second causes of action to his person and property.

I am of the opinion such loss of profits is a special damage,

which should be pleaded as such, if claimed by plaintiff, in either one or the other of the preceding causes of action.

The motion to strike, therefore, should be sustained. See Pomeroy, Code Limits, par. 361 et seq. and notes; 1 Corpus Juris, pp. 1058 and 1059.

As to motion to make more definite and certain, I am of the opinion that same should be allowed in part and denied in part. The portion of the motion to require plaintiff to state the amount of pressure forced upon defendant's pipes, appliances, etc., and that portion to require plaintiff to state the names of defendant's employees who were negligent, should be denied; but the matter of the negligence and carelessness of the employees causing the explosion, and wherein the appliances were defective, are facts, if within plaintiff's knowledge, which should be set forth, because of the motion of the defendant therefor. I think the defendant is entitled to know wherein the negligence, as claimed by the plaintiff, caused the damage to the plaintiff. The defendant is also entitled to know the value of plaintiff's boat and the other articles alleged to have been destroyed in the first cause of action, as a basis upon which to calculate the amount of the plaintiff's damage by reason of the neglect of the defendant.

Let an order be so entered.