**Marie Clancey, Appellee, v. Thomas G. McBride, Appellant.**

**Gen. No. 32,960.**

158

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

WILLIAM GREENE and H. L. HOWARD, for appellant.

JOHN W. WALSH and MARTIN WALSH, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

While plaintiff and defendant were each driving their automobiles in Oak Park, Illinois, there was a collision between the two machines. Plaintiff's machine was damaged and she received personal injuries. She brought an action before a justice of the peace in Oak Park to recover for the damage to the automobile and obtained judgment for $275, which the defendant paid. She then brought the instant suit in the superior court of Cook county to recover the damages she claimed to have sustained by the personal injuries.

The defendant interposed, as a defense, the judgment rendered by the justice of the peace and its satisfaction in bar. The court overruled this defense. Plaintiff contended that the judgment rendered by the justice of the peace determined the question of the defendant's liability, and therefore the only question open for consideration in the instant case was the extent of plaintiff's damages occasioned by the injuries she received. The court sustained this contention and the question of the extent of plaintiff's damages was submitted to the jury, which by its verdict fixed the damages at $2,000. The court required a remittitur of $500 and judgment was entered against the defendant for $1,500.

The controlling question in this case is whether plaintiff might maintain two actions growing out of the single tort, viz., the collision between the two automo-

biles—one for the damage done the automobile and the other for the personal injuries sustained. It is conceded this question has never been passed upon by the courts of this State and the decisions in other jurisdictions are conflicting. In England, New York, New Jersey and Texas it has been held that there were two causes of action where the question involved was similar to the question here. *Brunsden v. Humphrey,* L. R. 14 Q. B. Div. 141; *Reilly v. Sicilian Asphalt Paving Co.,* 170 N. Y. 40; *Ochs v. Public Service Ry. Co.,* 81 N. J. L. 661; *Watson v. Texas & P. Ry. Co.,* 8 Tex. Civ. App. 144. While in Massachusetts, Minnesota, Mississippi, Missouri, Washington, Pennsylvania, Alabama, Arizona, Kentucky and Tennessee a contrary doctrine has been declared. *Doran v. Cohen,* 147 Mass. 342; *Bliss v. New York Cent. & H. R. R. Co.,* 160 Mass. 447; *Braithwaite v. Hall,* 168 Mass. 38; *King v. Chicago, M. & St. P. Ry. Co.,* 80 Minn. 83; *Kimball v. Louisville & N. R. Co.,* 94 Miss. 396; *Fields v. Philadelphia Rapid Transit Co.,* 273 Pa. 282; *Sprague v. Adams,* 139 Wash. 510; *Smith v. Cincinnati, N. O. & T. P. Ry. Co.,* 136 Tenn. 282; *Coy v. St. Louis & S. F. Co.,* 186 Mo. App. 408, 172 S. W. 446; *Birmingham Southern R. Co. v. Lintner,* 141 Ala. 420; *Jenkins v. Skelton,* 21 Ariz. 663, 192 Pac. 249; *Cassidy v. Berkovitz,* 169 Ky. 785, 185 S. W. 129.

In the *Brunsden* case it was held by a two to one decision (the Chief Justice dissenting) that damages to the goods and injury to the person, although occasioned by one and the same wrongful act, gave rise to two distinct causes of action and that two separate suits might be maintained. In that case it appeared that while plaintiff was driving his cab it collided with a van of the defendant through the negligence of the defendant's agent, whereby the plaintiff sustained bodily injury and his cab was damaged. Plaintiff brought suit to recover for damages to the cab and received payment in that case. He afterwards brought

suit to recover for the personal injury. The Master of the Rolls, Brett and Lord Justice Rowen each delivered a separate opinion, holding that two actions would lie, while there was a dissenting opinion by Chief Justice Lord Coleridge.

In discussing preliminary questions as to the state of the law then in England, Lord Justice Bowen quoted with approval from the case of *Thorpe v. Cooper,* 5 Bing. 129, as follows: "Though a declaration contain counts under which the plaintiff's whole claim might have been recovered, yet if no attempt was made to give evidence upon some of the claims, they might be recovered in another action." And after holding that two actions might be maintained, further said (p. 152): "The present case is one in which I am conscious that lawyers of authority do differ and will differ." The Lord Chief Justice in his dissenting opinion said (p. 152): "It appears to me that whether the negligence of the servant, or the impact of the vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same; that the injury done to the plaintiff is injury done to him at one and the same moment by one and the same act in respect of different *rights,* i. e., his person and his goods, I do not in the least deny; but it seems to me a subtlety not warranted by law to hold that a man cannot bring two actions, if he is injured in his arm and in his leg, but can bring two, if besides his arm and leg being injured his trousers which contain his leg, and his coat sleeve which contains his arm, have been torn."

In the *Reilly* case the New York Court of Appeals reversed the Appellate Division of the Supreme Court of that State (31 App. Div. 302). In that case both the person and the vehicle of the plaintiff were injured while he was driving in Central Park, New York, in consequence of a collision with a gravel heap placed in the roadway through the negligence of the defend-

ant. He brought two actions against the defendant, one to recover damages for injury to his person and the other for damage to his vehicle. In the latter case he had judgment, which was paid, and this was interposed as a defense to the other action. This defense was held to be good and on appeal to the Appellate Division it was affirmed. On a further appeal the judgment was reversed, and it was held that where there was an injury to the person and damage to the property of the same person, resulting from the same tortious act, there were two different causes of action and a judgment in one did not bar the other. The court there said (p. 43): "In England it has been held by the Court of Appeal, Lord Coleridge, Chief Justice, dissenting, that damages to the person and to property though occasioned by the same wrongful act give rise to different causes of action (*Brunsden v. Humphrey,* L. R. 14 Q. B. D. 141); while in Massachusetts, Minnesota and Missouri the contrary doctrine has been declared. (*Doran v. Cohen,* 147 Mass. 342; *King v. Chicago, M. & St. P. Ry. Co.,* 82 N. W. Rep. 1113; *Von Fragstein v. Windler,* 2 Mo. App. 598."

In the *Ochs* case it appeared that plaintiff while driving his carriage was run down by a trolley car of the defendant with the consequence that the wagon, horse and person were injured. Plaintiff recovered in an action for injuries to the horse and carriage, and subsequently brought suit for his personal injuries. The trial court refused to hold that the judgment in the first case was a bar to the second. An appeal was taken to the Supreme Court of New Jersey (*Ochs v. Public Service Ry. Co.,* 80 N. J. L. 148) where the judgment was reversed, the court saying that the trial court followed the rule laid down in England in the *Brunsden* case, *supra,* and that the English rule had been followed in Texas and New York, citing the *Watson* and *Reilly* cases, *supra.* But the court refused to follow

that rule and said (p. 150): "On the other hand, the rule supported by the greater weight of American authority is that a plaintiff cannot legally maintain more than one action for the same tortious act and cannot divide the tort, and have one action for an injury to his property and another for an injury to his person. *King v. Chicago, etc., R. Co.*, 80 Minn. 83, . . . disapproving the opinion of the majority of the court in *Brunsden v. Humphrey* (14 Q. B. Div. 141), and approving the dissenting opinion of Chief Justice Coleridge." Then follow citations of a number of cases which it is said approve the rule denounced in the dissenting opinion of Chief Justice Coleridge, the citations being from Massachusetts, Missouri, Alabama, Connecticut, Wyoming and a Federal reporter. The court continuing there said: "In the present case there was no legal obstacle to the plaintiff's claiming both classes of damages in his first suit." A further appeal was taken in that case to the Court of Errors and Appeals of New Jersey, where the judgment of the Supreme Court was reversed, the court approving the rule announced in England, New York and Texas. In the *Watson* case, *supra,* it was held that an action for personal injuries sustained by the owner of horses while traveling with them on a drover's pass was not barred by a judgment for the injury to the horses received in the same accident.

On the other side, in the *Doran* case, *supra* (147 Mass. 342), the Supreme Court of Massachusetts held that where one count of the declaration charged that the defendant negligently damaged plaintiff's sailboat, and a second count was added by way of amendment charging that by the same tortious act plaintiff was injured in his person, it was held that both counts were for the same cause of action. The court there said (p. 344): "In the case before us, two counts of the declaration are for the same cause of action; the gist

of which is, that the defendant negligently managed his steamboat so as to run down the sailboat of the plaintiff when he was sailing it in, using due care. Each count sets out the same tortious act of the defendant as the cause of action. They differ only in that the original count sets out that the plaintiff's sailboat was rendered unfit for use, that it was worth $200, and that he was 'damaged to that extent and otherwise;' while the amended count alleges that he was injured in his person. The plaintiff could not legally maintain more than one action for the same tortious act. He could not divide the tort, and have one action for the injury to his property and another for the injury to his person.''

In the *Bliss* case, *supra* (160 Mass. 447), which was an action in tort for personal injuries and damage to clothing caused by one wrongful act of the defendant, it was held that there was but one cause of action. The court there said (p. 455): ''It is true, under our decisions, that the injury to the plaintiff's person and to his clothing furnished but one cause of action, and that a recovery of judgment by him for the damage to his clothing would have barred a subsequent action for his personal injury. (Citing eight Massachusetts cases.) In this respect the law, as established here, differs from that of England, upon which the plaintiff relied in the argument. *Brunsden v. Humphrey,* 14 Q. B. Div. 141.''

The same rule was followed in the *Braithwaite* case, (168 Mass. 38), where Mr. Justice Holmes in delivering the opinion of the court said (p. 39): ''Nowadays we do not require pleadings to be guarded against all the possible distortions of perverse ingenuity. The single collision which caused the damage to the plaintiff's person and to his bicycle was one cause of action.''

In the *King* case, *supra* (80 Minn. 83), the Supreme Court of Minnesota refused to follow the English rule laid down in the *Brunsden* case, *supra,* but accepted

(as it stated) the common sense, practical reasoning of Chief Justice Coleridge in his dissenting opinion. It also disapproved of the holding of the Texas court in the *Watson* case, *supra,* and held that injuries to the person and damages to the property of the person injured, both resulting from the same tortious act, are separate items of damages constituting but one cause of action.

So also in the *Kimball* case, *supra* (94 Miss. 396), the Supreme Court of Mississippi held that where a plaintiff sustained injuries to his person and property by the same tortious act, the plaintiff's injuries were merely separate items of damage and constituted only one cause of action. In that case it appears from the briefs of counsel the English, New York and Texas cases were relied upon, but the court refused to follow them.

In the *Fields* case, *supra* (273 Pa. 282), it was held that where an action had been brought and judgment recovered for damages for injuries to a horse, wagon and harness, due to the negligent act of the defendant, a second suit could not be maintained for personal injuries sustained by the plaintiff by the same negligent act of the defendant. In that case the court said (p. 285) : "Whether injuries to person and property by the same act may be redressed in separate suits, has been the subject of frequent discussion, and the results reached are in conflict. The English rule, fixed by a divided court, first found expression in *Brunsden v. Humphrey,* 14 Q. B. D. 141, and is based on the proposition that the cause of action rests not on the negligent act, but on the consequence of the wrong, from which it is argued that separate proceeding may be instituted for the different injuries as they accrue. This conclusion has been followed in three American states, but is opposed by the weight of authority. The majority view is well set forth in *McKnight v. Minneapolis St. Ry.,* 127 Minn. 207, 149 N. W. 131."

The same was substantially the holding by the Supreme Court of Tennessee in the case of *Smith v. Cincinnati, N. O. & T. P. Ry. Co.,* 136 Tenn. 282. And the Supreme Court of Washington in the late case of *Sprague v. Adams,* 139 Wash. 510, after an exhaustive review of the authorities, held that damages resulting from a single tort, even though they be partly property damages and partly personal injury damages, could not be made the subject of separate suits against the defendant.

From an examination of the authorities above referred to, and many others, we are of the opinion that the great weight of authority in America is that where a person suffers damage to his personal property as well as to his person as a result of a single tort, he can maintain but one suit. We think this is the common sense, practical view to take. It will avoid unnecessary litigation because damages for injury to the property and person may, properly, be joined in one action. *Chicago W. D. Ry. Co. v. Ingraham,* 131 Ill. 659.

It follows from what we have said that the judgment rendered in favor of the plaintiff and against the defendant in the justice of the peace court is a bar to the case before us.

The judgment of the superior court of Cook county is reversed and the cause remanded with directions to enter judgment in favor of the defendant in accordance with the views herein expressed.

*Reversed and remanded with directions.*

McSURELY and MATCHETT, JJ., concur.