C. J. ANDERSON, Respondent, v. WALTER JACOBSON, Appellant.

(172 N. W. 64.)

In an action to recover damages resulting from a fire alleged to have been occasioned by the negligent operation of a threshing machine engine, near the barn of the plaintiff, it is *held:*

**Damage — negligence.**

1. The plaintiff's acquiescence in the defendant's act of driving a threshing rig through the plaintiff's pasture and barn yard, and near the windward side of the barn, on a windy day, does not constitute contributory negligence, as a matter of law.

**Damages — exclusion of testimony.**

2. It was not error for the trial court to deny the defendant's motion to exclude testimony, under the allegation of damages for personal injuries occasioned by fighting the fire.

**Damages — opinion evidence.**

3. It was not error for the trial court to exclude opinion evidence in response to questions which would have required the experts to judge of the credibility of the other witnesses testifying in the case.

**Damages — technical error in instructions to jury.**

4. The instructions are examined and, though found to be technically erroneous, it is *held* that in giving them, reversible error was not committed.

Opinion filed April 1, 1919.

---

NOTE.—On negligence with respect to spark arresters on threshing machine or similar stationary engines, see note in 1 L.R.A.(N.S.) 530.

Action for negligence; appeal from District Court, La Moure County, *Coffey,* J.

Affirmed.

*Davis & Warren,* for appellant.

"Where plaintiff's evidence established his contributory negligence defendant may avail himself of same by asking for advised verdict, irrespective of the allegations of the answer." Mellon v. Great Northern R. Co. 134 N. W. 116; 29 Cyc. 605.

"When both parties have been negligent there can be no recovery." 20 R. C. L. pp. 99, 107, 117.

"No liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equaled that of the defendant." Ibid.

"Knowledge of facts and acquiescence in acts is contributory negligence." Scherer v. Schlaberg, 18 N. D. 421.

"Where the plaintiff's own evidence conclusively shows contributory negligence on his part, a nonsuit will be granted. Hart v. Peters, 13 N. W. 219; Martin v. Bishop, 18 N. W. 337; Hill v. Minnesota Street R. Co. 128 N. W. 831; Farmers Mercantile Co. v. N. P. R. Co. 146 N. W. 550.

"It makes no difference that negligence chargeable to the plaintiff is slight in comparison with the negligence of the defendant." 20 R. C. L. p. 101; Birschall v. Detroit R. Co. 73 N. W. 551; Martin v. Bishop, 18 N. W. 337; Hill v. Minnesota Street R. Co. 128 N. W. 831.

"It was error to submit the case to the jury when plaintiff failed to establish some circumstance from which defendant's negligence may be fairly inferred, and in which the plaintiff himself was not a willing actor." Knight v. Willard, 26 N. D. 140; Garreghty v. Hartstein, 26 N. D. 148; Sherlock v. Soo R. Co. 24 N. D. 40; West v. N. P. R. Co. 13 N. D. 221; Miller v. Railway Co. 115 N. W. 794.

"Motion is proper method to have pleading made definite when material facts are stated in the alternative." N. D. Comp. Laws 1913, § 7459; Johnson v. G. N. R. Co. 12 N. D. 423.

"Defendant's opinion as to the safety of operating his engine at the time and place should have been admitted for what it was worth." Jones, Ev. 2d ed. p. 191; Cook v. Doud Sons & Co. 133 N. W. 40; Underwood v. A. W. Stevens Co. 112 N. W. 487.

*Doane & Porter* for respondent.

Where the undisputed facts are of such a nature that reasonable men might draw different conclusions or deductions therefrom, then the question of negligence must be submitted to the jury. Farmers Mercantile Co. v. Northern P. R. Co. 27 N. D. 302, 146 N. W. 550.

The case of Rober v. Northern P. R. Co. 142 N. W. 22, is approved by Farmers Mercantile Co. v. Northern P. R. Co. supra, and uses the following words: "The burden of proof of contributory negligence is upon the defendant." Kunkle v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 367; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 112 N. W. 972; Pyke v. Jamestown, 15 N. D. 157.

Those persons who are skilled in mechanical matters are competent to testify as to relevant facts which are familiar in the mechanical arts. 17 Cyc. 71–73.

BIRDZELL, J. This is an appeal from a judgment for $1,970.26 in an action to recover damages occasioned to the plaintiff by fire communicated from an engine owned and operated by the defendant. The appeal is also taken from an order denying a motion for new trial.

On October 10, 1917, about noon time, the defendant was engaged in moving his threshing rig, and, to better serve his convenience, instead of keeping upon the public highway, he drove the engine through a wire fence surrounding the plaintiff's pasture, went in a northerly direction in the pasture until he reached a creek, the crossing of which gave him some trouble and resulted in damaging the blower on the separator, which he was drawing behind the engine. Upon leaving the creek, which was as nearly as we can ascertain from the record some 15 to 25 rods from the plaintiff's barn, the engine had to climb a grade of about 20 per cent. While climbing the grade it approached the plaintiff's barn from a southeasterly direction, passing the southeast corner of the barn at a distance of some 30 or 35 feet, and going through the gate at the southwesterly corner about 20 or 25 feet from the barn. The engine was burning coal, and the wind was blowing from the south, so that sparks might readily be blown from the engine through the hay door in the east end of the barn, which was open. There were also some small openings near the center of the roof of the barn for ventilating purposes. The plaintiff was eating dinner when he first learned of the presence of the defendant with his threshing rig in the pasture,

and he went down to the creek where the defendant was having some trouble, and rode all or part of the way from the creek to the gate through which the defendant drove his rig. The engine had a good fire and was compelled to labor some to get up the grade. It was not provided with a spark arrester, although one had formerly been a part of its equipment. After the defendant drove the rig through the gate near the southwest corner of the barn he was invited into the plaintiff's house for lunch. About ten minutes later the barn was discovered to be on fire, and in the course of a short while it was completely destroyed. The barn contained a large quantity of hay as well as some grain, an automobile, machinery, and five horses; three of the horses were consumed by the fire; one was burned so badly it had to be killed, and the other is still living though injured. This action is for the recovery of the plaintiff's damages in excess of the insurance. In addition to the above allegations of damage the plaintiff claims damages for mental anguish and physical pain suffered from burns received in fighting the fire.

It is first contended by the appellant that the court erred in not directing a verdict for the defendant for the reason that when the evidence is considered in the light most favorable to the plaintiff, it appears that he was guilty of contributory negligence. We cannot so read the evidence. It is true that the plaintiff testified that he was a man of considerable experience in the operation of steam engines, and that he should, therefore, have had practically the same appreciation of the dangers incident to the operation of this engine under the particular circumstances as the defendant, and it may also be considered that the plaintiff's conduct amounted to the granting of a license to the defendant to cross his pasture and barn yard with the rig; also that the plaintiff had knowledge of the absence of a visible *spark arrester,* but all of these circumstances combined do not amount, as a matter of law, to an act of negligence on the part of the plaintiff contributing to the fire. The defendant was in the uninterrupted and undisputed control of the engine, and was the one primarily responsible for its safe operation. For aught the plaintiff knew it might have been properly equipped with a nonvisible spark arrester. We cannot assume, as a matter of law, that the engine might not have been so carefully operated by the plaintiff under the existing conditions, as to have entirely

avoided the fire. No affirmative act of the plaintiff is shown to have contributed in the slightest degree.

It is next contended that the court erred in denying the defendant's motion to exclude all testimony under paragraph 4 of the complaint. This is the paragraph containing the allegations of mental suffering incident to burns received in fighting the fire. The defendant contends that it is prejudicial to his case to have the plaintiff's injuries detailed to the jury. The court in its instructions did not refer to the element of damages embraced in this paragraph of the complaint, and the verdict is so moderate in amount, and so amply supported by the testimony relating to the value of the items of property destroyed, concerning which there was little or no dispute, that it is not at all likely that this element was considered by the jury. In any event we are not satisfied that any error would have been committed by the trial court in submitting this element of damage to the jury along with the others. See Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429. Where the plaintiff is injured both in his property right and in his right to bodily security, and such injuries result from the same cause, he is not bound to seek reparation in separate actions. King v. Chicago, M. & St. P. R. Co. 80 Minn. 83, 82 N. W. 1113, 50 L.R.A. 161, 81 Am. St. Rep. 238; Comp. Laws 1913, § 7466; 1 C. J. pp. 1058 and 1086.

In the amended complaint it is alleged that the defendant "carelessly allowed burning coals and fire to be thrown or dropped from said engine." The defendant moved that the plaintiff be directed to elect as to the manner in which the fire occurred,—as to whether from coals which were thrown from, or coals which were dropped from, the engine. Error is predicated upon denial of the motion. The argument in support of this assignment is too technical to merit consideration.

The plaintiff and one Fredenberg were allowed to testify as experts concerning the operation of engines of the character of the one operated by the defendant. They both qualified by showing that they had had years of experience as engineers of such engines. We have carefully examined their testimony and fail to find any prejudicial error in the admission of such opinion evidence as they were permitted to give. Error is also predicated upon the exclusion of certain opinion evidence that was sought to be elicited from the defendant and one Herbert

Peterson. The questions, however, were not asked in proper form. Instead of being put in the shape of hypothetical questions so that the jury would be given the benefit of the opinions of the witnesses, under conditions stated, it was sought to have the witnesses answer directly the ultimate questions which the jury was to pass upon.

The following questions are illustrative of the erroneous method of examination pursued:

Have you heard the testimony in this case?

Yes, sir.

I ask if, in your opinion, it was safe and proper to operate the threshing machine engine, and to drive by the barn with it under the conditions in which Mr. Jacobson drove this machine, if it was a proper method of operating the engine.

This method of examining is so clearly improper that it is unnecessary to cite authorities condemning it.

Errors are also predicated upon the instructions. The court left it to the jury to say whether the "plaintiff had knowledge of the appliances of the said engine, and the method of handling the same."

It is true that the plaintiff did profess to have some knowledge of engines and of some of the appliances of the particular engine. It is also true that he did not profess to have a great degree of familiarity with the engine in question, and his acquaintance with it was only from casual observation. The defendant contended that the plaintiff's knowledge of his engine and its appliances was more extensive than the plaintiff was willing to admit. In this state of the record, it was clearly proper to submit the question to the jury as it was submitted.

In a portion of the instructions complained of, the court directed that if the jury should find "by reason of said acts the plaintiff sustained an injury and that said act was the proximate cause of the injury, such would constitute contributory negligence, and the plaintiff could not recover." The instruction was not correct in that it stated in substance that contributory negligence, sufficient to deprive the plaintiff of the right to recover, must have been the proximate cause of the injury. Such is clearly not the law, but it is by no means apparent that the defendant was prejudiced by the erroneous statement. We do not think it could have misled the jury, since in the immediately

following paragraph the jury was again told: "If you so find that the plaintiff was guilty of contributory negligence, or, in other words, that the plaintiff committed some negligent act which the defendant sets up, and to which I have called your attention, then the plaintiff cannot recover, though you may find that the defendant himself was guilty of negligence."

We have examined the record in the light of the other assignments of error, and we are of the opinion that no error prejudicial to the defendant was committed. The judgment and order appealed from are affirmed.