[File No. 5965.]

CHARLES JONDAHL, Respondent, v. HARRY E. CAMPBELL, Appellant.

(238 N. W. 697.)

Opinion filed October 26, 1931.   Rehearing denied November 14, 1931.

*R. J. Roberts* and *Bangs, Hamilton & Bangs,* for appellant.

*W. B. Arnold,* for respondent.

BIRDZELL, J. This is an action to recover damages for personal injury sustained by the plaintiff upon being struck by an automobile driven by the defendant. The plaintiff had judgment in the sum of $994 and costs. The instant appeal is from the judgment and from the order denying the defendant's motion for a new trial or a judgment notwithstanding the verdict.

In the evening of August 10, 1930, the plaintiff drove from Larimore towards Grand Forks on Highway No. 2. A companion named Balthazer was riding with him. After they had gone some distance they were stopped by reason of a flat tire on the left front wheel. They drove the car, which was a model A Ford roadster, to the right-hand side of the highway stopping at about a foot or a foot and a half from the shoulder of the road which constituted the edge of a ditch on the south side of the highway. The evidence indicates that the front wheels were somewhat closer to the ditch than the rear wheels. The lights were turned on and the plaintiff and his companion set about fixing the tire. While they were thus engaged several automobiles passed going both east and west. The defendant, who was likewise driving from Larimore to Grand Forks, approached the plaintiff's car from the rear just as the work of fixing the tire had been completed and as the plaintiff was letting down the jack. The defendant had observed the tail light on the plaintiff's car for some distance as he approached but had not ascertained that the car was not in motion. As he approached he was meeting a car coming from the east; they met at approximately one hundred feet west of the plaintiff's car. The defendant was then at the extreme right-hand side of the graded portion of the highway and he suddenly observed that the plaintiff's car was not in motion. On account of being so close to the plaintiff's car when he ascertained this fact, he could not readily pass to the left-hand side without striking it, so he turned toward the right, driving into the ditch, passing the car and driving back on to the road beyond. While Balthazer was putting the pump in the rear end of the Ford car he saw Campbell's car coming when it was about thirty or forty feet away. Balthazer, sensing the danger from the approaching car, ran across the road to the north ditch. As he did so he called the attention of the plaintiff Jondahl to the danger, and Jondahl, who was then engaged in letting down the jack, stepped quickly toward the south ditch and as he did so he was

struck by the defendant's car, sustaining a comminuted fracture of the femur.

There were a number of specifications of error relating to the admission and exclusion of evidence; to which only slight attention is given by the appellant's counsel in the brief and argument on the appeal; consequently, we do not feel called upon to deal with them seriatim. We have examined the rulings complained of and are unable to see where any prejudicial error was committed. The principal contentions here are that the evidence is insufficient to establish negligence on the part of the defendant and that the court erred, both in declining to give instructions requested and in the instructions given.

Concerning the contention that the evidence is insufficient to establish negligence, we are of the opinion that a reasonable view of all of the evidence would warrant the jury in concluding that the defendant was negligent in approaching as close to the plaintiff's car as he did before discovering that it was not in motion, thereby creating the emergency out of which the plaintiff's injury resulted. While the testimony shows that when the defendant first observed the tail light on the plaintiff's car he would have no reason to know whether it was in motion or standing still, and while it further shows that until he was within one hundred feet of the car his vision was more or less obstructed by reason of the lights of the car approaching from the opposite direction and further obstructed to some extent by dust, we think the circumstances shown create a question of fact for the jury as to whether in the exercise of reasonable care he should not have discovered sooner than he did that the plaintiff's car was stopped. It must be remembered that the law recognizes the right of a driver of an automobile to stop upon a highway in emergencies, requiring him, of course, to display proper signals. (Chapter 162, § 24, Session Laws of 1927.) See Billingsley v. McCormick Transfer Co. 58 N. D. 913, 918, 228 N. W. 424, 426. So a burning tail light on an automobile upon a highway does not necessarily indicate a moving vehicle. Hence, when such a signal comes into view it is reasonable to expect a driver approaching from the rear to ascertain whether the car is moving or standing before coming within the zone of danger. We are of the opinion that under the evidence in the instant case it was for the jury to say whether or not the defendant was negligent.

Counsel for the defendant prepared eleven instructions which he asked the court to give. A comparison of these requested instructions with the charge given shows that the requested instructions were utilized by the court in drafting his charge. Upon the margin of the pages containing the requests the trial judge noted that they were given in substance but not literally. Of course, it is not error to decline a proper instruction requested by a party to a suit where the substance of the instruction is embodied in the charge given, but it is contended here that in some respects the court entirely omitted to charge upon matter that was contained in the requested instructions and concerning which the instruction asked was a correct statement of the law. Request No. 7 is given as an illustration of this. It reads:

"The Court instructs you that when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties."

The charge given contains this statement with reference to the degree of care to be exercised in an emergency:

"I charge you that if a person is met with an emergency while upon the highway, an emergency that he could not anticipate and did not anticipate, and is suddenly confronted with it, he is not held to the same legal responsibility as a person that is not met with an emergency and who has ordinary conditions to meet and who has time to consider and reflect; so if in this case the defendant came to the place and was confronted with an emergency, and he was in no way at fault about the emergency that was created or that met him, the fact that he turned to the right instead of the left, of itself, would not make him liable for negligence and liable to pay damages."

It seems that the charge given did amply state the rule contained in the request.

Again counsel complain that requests Nos. 9 and 10, referring to contributory negligence, were not embodied in the charge. These requests are:

9. "The Court instructs you that if the plaintiff was guilty of any negligence, no matter how slight which contributed to the accident, the verdict must be for the defendant.

10. If you find from all the evidence in this case taken together,

that the defendant was guilty of negligence, and you also find that the plaintiff was guilty of negligence, and that the plaintiff by the exercise of ordinary care, could have and would have avoided the accident and injury to himself, even though you find that the defendant in the first instance was guilty of negligence; then and in that event, the plaintiff in this case cannot recover from the defendant."

The instruction on contributory negligence is, in part, as follows:

"If you find from all of the evidence in this case that the defendant was at fault to some extent and negligent and you further find that the accident would not have occurred except for the contributing fault of the plaintiff, then and in that case the plaintiff would be guilty of what we call contributory negligence and would not be entitled to recover; and in determining this question you must take into consideration all of the evidence in relation to how his car was parked, his lights, the condition of light and darkness, and the road; the parking in reference to the center or outside of the road and all other testimony upon that particular feature of the case together with all the other testimony.

. . .

"The negligence of the defendant, if the plaintiff is entitled to recover must be the proximate cause of the injury, and the proximate cause of an injury is that cause without which it would not have happened.

"If you find from the evidence that the defendant was guilty of negligence to some extent, but you further find that if the plaintiff had exercised the care and caution under the circumstances and conditions obtaining at that time that an ordinarily prudent person would have exercised, and if you find that then there would have been no accident or collision, then and in that case, as I said before, the plaintiff would be guilty of contributory negligence and he would not be entitled to recover."

This seems to be as complete an instruction upon contributory negligence as would have been given had the court adopted literally the defendant's requested instructions. The instruction is open to the criticism previously noted in our decisions (Anderson v. Jacobson, 42 N. D. 87, 92, 172 N. W. 64, 66; Clark v. Feldman, 57 N. D. 741, 224 N. W. 167; Engen v. Skeels, 60 N. D. 652, 236 N. W. 240) that under it contributory negligence of the plaintiff will not relieve the defend-

ant from liability unless it be shown to be *the* proximate cause of the injury; whereas, under the law the defendant is relieved if the plaintiff is guilty of negligence which merely contributes to an injury which might have been caused partly by his negligence and partly by the negligence of the defendant. But the defendant here in his tenth request asked for an instruction which was subject to the same criticism in that it made the test of the plaintiff's right to recover absence of negligence on his part without which the injury would not have occurred. Hence, without approving the charge given on this point, we hold that the defendant, having requested a charge in substance the same as that given, cannot complain.

It seems that the court read to the jury a portion of the statute (chapter 162, § 12, Session Laws of 1927) which provides that "The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle." The appellant complains of this as conveying to the jury the impression that in no circumstances could the defendant pass the plaintiff's automobile on the right-hand side without being liable for the consequences of any injury sustained. We are of the opinion that it was proper for the court to instruct the jury upon the law of the road and that there can be little merit in the contention advanced. This is said in view of the pains taken by the trial judge to point out, as he later did, the circumstances in which, in emergency, the defendant might pass on the right-hand side without being guilty of any actionable negligence.

In the appellant's brief argument is advanced in support of the contention that the verdict is excessive, but this assignment we understand to have been abandoned on oral argument. We have examined the record with care and it appears that the defendant has had a fair trial and that there is no prejudicial error in the record.

It follows that the judgment and order appealed from should be affirmed.

It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.

(On Petition for Rehearing.)

BIRDZELL, J.   In a petition for rehearing the appellant's counsel direct attention to the fact that the foregoing opinion does not dispose of their contention that the court erred in declining to give requested instructions on the question of negligence.   It is said that the court entirely failed to instruct the jury on the question of negligence and it was therefore error to decline to give the requested instructions which properly stated the law.   In the course of the charge the court said:

"Everybody traveling upon the highway in an automobile or any other vehicle, but we are dealing with automobiles now, must be certain that his automobile is in fit condition to travel upon the highway, and he must have it well under control; must take into consideration the kind and character of highway he is traveling over, the width of the road, and the condition of the road; the condition of the day or night, and the condition as to light or darkness, and take into view all other circumstances and conditions that surround him in traveling upon the highway, and must handle his automobile and drive it at a speed in consideration of all these circumstances and conditions, as an ordinarily prudent man would do, under the same circumstances and conditions."

While the above charge is not given as a definition of the term "negligence," it nevertheless states with substantial correctness the legal duty of the driver of an automobile upon the highway.   This, in connection with other portions of the charge, lays down the test according to which the liability of the defendant is to be determined and imposes upon the plaintiff the burden of establishing a breach of duty resulting in liability.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and BURKE, JJ., concur.