Herbert, J.
The eighth error assigned by the defendant is that “the trial and appellate courts committed error in permitting plaintiff to split her cause of action and to file a separate action in the Cleveland Municipal Court for her property damage and reduce same to judgment, and, thereafter, to proceed, in the Cuyahoga County Common Pleas Court, with a separate action for personal injuries, both claims arising out of a single accident.”
Other facets of this question have been before the court before.
In the case of Vasu v. Kohlers, Inc., 145 Ohio St., 321, 61 *225 N. E. (2d), 707, 166 A. L. R., 855, plaintiff operating an automobile came into collision with defendant’s truck, in which collision he suffered personal injuries and also damage to his automobile. At the time of collision, plaintiff had coverage of a $50 deductible collision policy on his automobile. The insurance company paid the plaintiff a sum covering the damage to his automobile, whereupon, in accordance with a provision of the policy, the plaintiff assigned to the insurer his claim for such damage.
In February 1942, the insurance company commenced an action in the Common Pleas Court of Mahoning County against Kohlers, Inc., the defendant in the reported case, to recoup the money paid by it to cover the damage to Vasu’s automobile.
In August 1942, Vasu commenced an action in the same court against Kohlers, Inc., to recover for personal injuries which he suffered in the same collision.
In March 1943, in the insurance company’s action, a verdict was rendered in favor of the defendant, followed by judgment.
Two months later an amended answer was filed in the Vasu case, setting out as a bar to the action for recovery of damages for the personal injuries suffered by plaintiff the judgment rendered in favor of defendant in the insurance company case. A motion to strike that defense having been sustained, a second amended answer was filed omitting allegations as to such judgment. A trial of the action resulted in a verdict for plaintiff, upon which judgment was entered.
On appeal to the Court of Appeals the defendant claimed that the Court of Common Pleas erred in sustaining plaintiff’s motion to strike from the defendant’s answer the defense of res judicata claimed to have arisen by reason of the judgment in favor of the defendant in the action by the insurance company.
The Court of Appeals reversed the judgment of the Court of Common Pleas and entered final judgment in favor of defendant.
This court reversed the judgment of the Court of Appeals, holding in the syllabus, in part, as follows:
“1. If the owner of a single cause of action arising out of *226 a single tortious act brings an action against Ms tort-feasor, he may have but one recovery; and, in case he fails to recover, he may not maintain a subsequent action on the same cause of action, even though he has failed to include his entire cause of action or elements of damage in his original action.
“2. If an owner of a single cause of action has a recovery thereon, the cause of action is merged in the judgment; but if he fails to recover on his claimed cause of action and judgment goes against him, such judgment is res judicata and a bar to a second action on the same cause of action.
< l * # #
“4. Injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action, with the result that the recovery or denial of recovery of compensation for damages to the property is no bar to an action subsequently prosecuted for the personal injury, unless by an adverse judgment in the first action issues are determined against the plaintiff which operate as an estoppel against him in the second action.
“5. A right, question or fact in issue which was necessarily determined by a court of competent jurisdiction in a judgment which has become final, cannot be disputed or litigated in a subsequent suit between the same parties, although the subsequent suit is based upon a different cause of action.
“6. Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation as to the injury to property, to come into operation for the benefit of the person injured, the indemnitor may prosecute a separate action against the party causing such injury for reimbursement for indemnity moneys paid under such contract.
“7. Parties in privy, in the sense that they are bound by a judgment, are those who acquired an interest in the subject matter after the beginning of the action or the rendition of the judgment; and if their title or interest attached before that fact, they are not bound unless made parties.
“8. A grantor or assignor is not bound, as to third per *227 sons, by any judgment which such third persons may obtain against his grantee or assignee adjudicating the title to or claim for the interest transferred, unless he participated in the action in such manner as to become, in effect, a party.”
The foregoing syllabus is set forth at considerable length for subsequent reference herein. The first two paragraphs, although not pertinent there because of the fourth paragraph, are not only applicable but persuasive in our determination here. The sixth, seventh and eighth paragraphs deal with the factual situation which existed in the Vasu case, i. e., a prior contract of indemnity and subrogation. Although, as discussed infra, it was not actually necessary to the determination of the issue in that case, attention centers on the fourth paragraph.
The Vasu case was distinguished in the case of Markota v. East Ohio Gas Co., 154 Ohio St., 546, 97 N. E. (2d), 13, and explained in the case of Mansker v. Dealers Transport Co., 160 Ohio St., 255, 116 N. E. (2d), 3. In the Markota case, plaintiffs commenced an action for damages alleged to have been caused by the defendant in constructing and installing a pipeline over the plaintiffs’ premises. Plaintiffs and defendant had entered into a right of way agreement giving the defendant the right to lay, maintain and operate the pipeline, the defendant agreeing to reimburse, indemnify and save plaintiffs harmless from and against any loss, damage or expense in connection therewith.
Plaintiffs ’ amended petition had seven causes of action, each for damages resulting from injuries to plaintiffs’ property. Judgment was entered on the verdicts. The trial court granted a new trial on two causes of action, reducing the judgment by the amounts claimed in such causes of action. The question presented to this court was whether “the trial court erred in failing to grant a new trial in toto.” This court reversed the judgment of the Court of Appeals which had affirmed the judgment of the Court of Common Pleas.
The pertinent portion of the syllabus in that case,- decided by a unanimous court, is paragraph three:
“Although a right of action may arise at each time that damage covered by a single indemnity agreement occurs, a *228 plaintiff may maintain only one action to enforce any such rights existing at the time such action is commenced. (Vasu v. Kohlers, Inc., 145 Ohio St., 321, distinguished.)”
The opinion in the Markota case states (page 551):
“However, paragraphs four and six of the syllabus in Vasu v. Kohlers, Inc., 145 Ohio St., 321, 61 N. E. (2d), 707, do tend to support the defendant’s contention that the separate causes of action, stated in the second amended petition in the instant case, were actually separate causes of action. It should be noted, however, that the plaintiff, in the Vasu case, had not been a party to the action brought by his indemnitor against the defendant; and, as indicated by paragraph eight of the syllabus in the Vasu case, the plaintiff was not, therefore, bound by the judgment against his indemnitor who had sought to recover from that defendant the portion of the plaintiff’s claim assigned to such indemnitor.”
The facts in the Mansker case are the converse of those in the instant case. In that case, Mansker commenced an action for personal injuries sustained by him in a collision of two motor vehicles and recovered a verdict and judgment, prevailing over the claim that he was estopped from prosecuting his action for the reason that the controlling issue of negligence therein had been fully litigated in a prior action between the same parties and had been determined by verdict and judgment adverse to him. Cf. paragraph five of the syllabus in the Vasu case, supra.
Two separate actions involving the same collision had previously been commenced against Mansker and his employer, Summit Fast Freight, Inc., one by Dealers Transport Company and the other by its driver, Dow, Dealers’ action being for property damage and Dow’s for personal injuries. In the action initiated by Dealers, in addition to a cross-petition filed by Summit for damages to its fire truck, a cross-petition was filed by Mansker to recover for damage to his tractor, due to the collision. The two previous cases were tried together by agreement and resulted in verdicts in favor of Dealers and Dow, respectively, which verdicts, after remittiturs were ordered and accepted, were reduced to judgments, and the judgments subsequently paid.
*229 In the Mansker case (160 Ohio St., 255) the issue of res judicata was raised. This court reversed the judgment of the Court of Appeals which had affirmed the judgment of the Court of Common Pleas, and entered judgment for Dealers.
As stated in the opinion, both lower courts relied on the fourth paragraph of the syllabus of the Vasu case and reached the conclusion that “such case is authority for the proposition that where the same person sustains injury to both his property and his person as a result of the same incident and due to the claimed negligence of another, an infringement of different rights occurs, so that he has two causes of action — one for damage to his property and the other for injury to his person; that, hence, where he prosecutes those causes of action separately, a verdict and judgment against him in one case do not preclude him from litigating the other, and his success in the other case is not prevented by an adverse result in the first, and that in such a situation res judicata or estoppel may not be invoked by his opponent.”
The syllabus states:
“1. In a second action between the same parties on a claim, demand or cause of action different from that involved in the first action, a final judgment in the first action does not constitute a bar to the prosecution of the second, but does operate as an estoppel with regard to the relitigation of controlling points or questions actually determined in the first action. (Paragraph four of the syllabus of Vasu v. Kohlers, Inc., 145 Ohio St., 321, explained.)
“2. The final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action.”
Thus, the Marhota and Mansher cases, distinguishing and explaining the Vasu case, have not changed the rule established in paragraph four of the syllabus of the latter case, holding that injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action.
However, it is contended here that that rule is in conflict with the great weight of authority in this country and has *230 caused vexatious litigation. The following quotation from 1 American Jurisprudence, 494, Section 114, states this question well:
“It sometimes happens that a single wrongful or negligent act causes damage in respect of both the person and the property of the same individual, as, for instance, where the owner of a vehicle is injured in a collision which also damages the vehicle. In such a case, the question arises as to whether there are two causes of action or only one, and the authorities are in conflict concerning it. The majority rule is that only one cause of action arises, the reason of the rule being that as the defendant’s wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong. * * *
“In other jurisdictions, the rule is that two causes of action result from a negligent act which inflicts injury on a person and his property at the same time. This conclusion has been reached in different jurisdictions by different lines of reasoning.”
Upon examination of decisions of courts of last resort, we find that the majority rule is followed in the following cases in each of which the action was between the person suffering injury and the person committing the tort, and where insurers were not involved, as in the case here.
Birmingham Southern Ry. Co. v. Lintner (1904), 141 Ala., 420, 38 So., 363, 109 Am. St. Rep., 40; Jenkins v. Skelton (1920), 21 Ariz., 663, 192 P., 249; Gregory v. Schnurstein (1956), 212 Ga., 497, 93 S. E. (2d), 680; Georgia Ry. & Power Co. v. Endsley (1928), 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256; Fiscus v. Kansas City Public Service Co. (1941), 153 Kan., 493, 112 P. (2d), 83; Cassidy v. Berkovitz (1916), 169 Ky., 785, 185 S. W., 129; Pillsbury v. Kesslen Shoe Co. (1939), 136 Me., 235, 7 A. (2d), 898; Doran v. Cohen (1888), 147 Mass., 342, 17 N. E., 647; Dearden v. Rey (1939), 304 Mass., 659, 24 N. E. (2d), 644, 127 A. L. R., 1077; Tuttle v. Everhot Heater Co. (1933), 264 Mich., 60, 249 N. W., 467; King v. Chicago, Milwaukee & St. Paul Ry. Co. (1900), 80 Minn., 83, 82 N. W., 1113, 81 Am. St. Rep., 238 50 L. R. A., 161; Kimball v. Louisville & Nashville Rd. Co. (1909), 94 Miss., 396, 48 So., 230; Chamberlain v. Mo.-Ark. Coach Lines, Inc. (1945), 354 Mo., 461, 189 S. W. (2d), 538, 161 *231 A. L. R., 204; Underwood v. Dooley (1929), 197 N. C., 100, 147 S. E., 686, 64 A. L. R., 656; Anderson v. Jacobson (1919), 42 N. D., 87, 172 N. W., 64; Fields v. Philadelphia Rapid Transit Co. (1922), 273 Pa., 282, 117 A., 59; Farmers Ins. Exchange v. Arlt (N. D., 1953), 61 N. W. (2d), 429; Holcombe v. Garland & Denwiddie, Inc. (1931), 162 S. C., 379, 160 S. E., 881; Mobile & Ohio Rd. Co. v. Matthews (1906), 115 Tenn., 172, 91 S. W., 194; Smith v. Lenzi (1929), 74 Utah, 362, 279 P., 893; Moultroup, Admx., v. Gorham (1943), 113 Vt., 317, 34 A. (2d), 96; Sprague v. Adams (1926), 139 Wash., 510, 247 P., 960, 47 A. L. R., 529; Larso v. Swift & Co. (1946), 129 W. Va., 436, 40 S. E. (2d), 811.
The minority rule, that separate actions may be maintained to recover for personal injuries and for damages to property resulting from the same wrongful act, is set forth in the following cases:
Thelin v. Stewart (1893), 100 Cal., 372, 34 P., 861; Lamb v. Harbaugh (1895), 105 Cal., 680, 39 P., 56; Ochs v. Public Service Ry. Co. (1911), 81 N. J. L., 661, 80 A., 495, 36 L. R. A. (N. S.), 240, Ann. Cas. 1912D, 255; Reilly v. Sicilian Asphalt Paving Co. (1902), 170 N. Y., 40, 62 N. E., 772, 88 Am. St. Rep., 636, 57 L. R. A., 176; Watson v. Texas & Pacific Ry. Co. (1894), 8 Tex. Cir. App., 144, 27 S. W., 924; Carter v. Hinkle (1949), 189 Va., 1, 52 S. E. (2d), 135.
As to the rule in New York, however, it is noted in the opinion in the Vasu case (page 331) that “the court, in deciding the Reilly case, took a position contra to an earlier holding in the same state in the case of Howe v. Peckham (N. Y. Supreme Court), 6 How. Pr., 229, 10 Barb., 656, a ease frequently cited (see quotation from Phillips’ Pleading, infra) as supporting the single-cause-of-action rule.”
The reasoning behind the majority rule seems to be well stated in the case of Mobile & Ohio Rd. Co. v. Matthews, supra, as follows:
“The negligent action of the plaintiff in error constituted but one tort. The injuries to the person and property of the defendant in error were the several results and effects of one wrongful act. A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, *232 and it is the better practice to do so where there is any difference iii the measure of damages, and all the damages sustained must be sued for in one suit. This is necessary to prevent multiplicity of suits, burdensome expense, and delays to plaintiffs, and vexatious litigation against defendants. * * *
“Indeed, if the plaintiff fail to sue for the entire damage done him by the tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried. ’ ’
The minority rule would seem to stem from the English case of Brunsden v. Humphrey (1884), 14 Q. B., 141. The facts in that case are set forth in the opinion in the Vasu case (page 329), concluding with the statement:
“The Master of the Rolls, in his opinion, stated that the test is ‘whether the same sort of evidence would prove the plaintiff’s case in the two actions,’ and that, in the action relating to the cab, 'it would be necessary to give evidence of the damage done to the plaintiff’s vehicle. In the present action it would be necessary to give evidence of the bodily injury occasioned to the plaintiff, and of the sufferings which he has undergone, and for this purpose to call medical witnesses. This one test shows that the causes of action as to the damage done to the plaintiff’s cab, and as to the injury occasioned to the plaintiff’s person, are distinct.’ ”
The fallacy of the reasoning in the English court is best portrayed in the dissenting opinion of Lord Coleridge, as follows :
“It appears to me that whether the negligence of the servant, or the impact of the vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same: that the injury done to the plaintiff is injury done to him at one and the same moment by one and the same act in respect of different rights, i. e. his person and his goods, I do not in the least deny; but it seems to me a subtlety not warranted by law to hold that a man cannot bring two actions, if he is injured in his arm and in his leg, but can bring two, if besides his arm and leg being injured, his trousers which contain his leg, and his coat-sleeve which contains his arm, have been torn.”
*233 There appears to be no valid reason in these days of code pleading to adhere to the old English rule as to distinctions between injuries to the person and damages to the person’s property resulting from a single tort. It would seem that the minority rule is bottomed on the proposition that the right of bodily security is fundamentally different from the right of security of property and, also, that, in actions predicated upon a negligent act, damages are a necessary element of each independent cause of action and no recovery may be had unless and until actual consequential damages are shown.
Whether or not injuries to both person and property resulting from the same wrongful act are to be treated as injuries to separate rights or as separate items of damage, paragraph three of the syllabus in the Markota case gives us the answer that a plaintiff may maintain only one action to enforce his rights existing at the time such action is commenced.
The decision of the question actually in issue in the Vasu case is found in paragraphs six, seven and eight of the syllabus, as it is quite apparent from the facts there that the first judgment, claimed to be res judicata in Vasu’s action against the defendant, was rendered against Vasu’s insurer in an action initiated by it after having paid Vasu for the damages to his automobile. That case is considered and discussed at length in 166 A. L. R., 870.
Upon further examination of the cases from other jurisdictions, it appears that in those instances where the courts have held to the majority rule, a separation of causes of action is almost universally recognized where an insurer has acquired by an assignment or by subrogation the right to recover for money it has advanced to pay for property damage.
In some instances those jurisdictions recognize the right of the insurer to become a party to the action and recover in the single action that part of the damages to which it has become subrogated. See Moultroup, Admx., v. Gorham, supra; Farmer v. Union Ins. Co. of Indiana (1927), 146 Miss., 600, 111 So., 584; Sprague v. Adams, supra.
In other states, and particularly in those having statutes requiring actions to be brought by the real party in interest, the courts have recognized the right of the insurer to bring *234 a separate action to recover in its own name for that part of a single cause of action to which it has become entitled by payment of damages. The following cases are illustrative:
Travelers Indemnity Co. v. Moore (1947), 304 Ky., 456, 201 S. W. (2d), 7; Underwriters at Lloyds Ins. Co. v. Vicksburg Traction Co. (1913), 106 Miss., 244, 63 So., 455; General Exchange Ins. Corp. v. Young (1948), 357 Mo., 1099, 212 S. W. (2d), 396; Underwood v. Dooley, supra; Farmers Ins. Exchange v. Arlt, supra; Tobin, Admr., v. Glerich (1931), 162 Tenn., 96, 34 S. W. (2d), 1058.
Section 2307.05, Revised Code, requires actions to be prosecuted in the name of the real party in interest, as was done by Vasu’s insurer.
The reason why the exception is recognized that, where the plaintiff has recovered from an insurance company a part of his damage, he is not estopped from prosecuting his own action, is well stated in the North Carolina case of Underwood v. Dooley, supra, as follows:
“It cannot be held .as law in this state that the owner of an automobile, who, as the result of the wrong or tort of another, has sustained damages both to his automobile and to his person, and whose automobile is insured against the loss or damage which he has sustained because of injuries to his automobile, is put to an election whether or not he shall, in order to maintain an action against the wrongdoer to recover damages for injuries to his person, release the insurance company from all liability to him under its policy. He does not lose his right of action to recover for the injuries to his person, by accepting from the insurance company the amount for which it is liable to him * *
Coming again to the defendant’s eighth assignment of error, it is noted that the rule attributed to the Ohio courts, as it is stated in 1 Ohio Jurisprudence (2d), 360, is based primarily on the Vasu case, although prior lower court decisions reaching a different conclusion are cited and recognized therein with the statement that “these cases are impliedly overruled.”
Apparently, much of the vexatious litigation, with its attendant confusion, which has resulted in recent years from the filing of separate petitions by the same plaintiff, one for per *235 sonal injuries and one for property damage although sustained simultaneously, has grown from that one decision, this case presenting a good example.
In the light of the foregoing, it is the view of this court that the so-called majority rule conforms much more properly to modern practice, and that Ihe rule declared in the fourth paragraph of the syllabus in the Vasu case, on a point not actually at issue therein, should not be followed.
We, therefore, conclude and hold that, where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. It follows that paragraph four of the syllabus in the Vasu case must be overruled.
It is not necessary in view of this conclusion to consider the other errors assigned herein.
Accordingly, the judgment of the Court of Appeals is reversed, and final judgment is entered for defendant.

Judgment reversed and final judgment for defendant.

Weygandt, C. J., Stewart, Taft, Matthias and Bell, JJ., concur.
Zimmerman, J., dissents.